1
2
3
4
5
6
7                     UNITED STATES DISTRICT COURT
8                   SOUTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10  KEJUAN D. REAYES,<br>CDCR #AW-5139,<br><br>11<br>12                                    Plaintiff,<br>13                     vs.<br>14<br>15  RAYMOND MADDEN; SCOTT<br>STEADMAN; JASON MARTINEZ;<br>16  FLORES; LUGO; RODRIGUEZ; DOES<br>1 THROUGH 8,<br>17                                    Defendant.<br>18<br>19<br>20<br>21<br>22 | Case No.: 3:23-cv-0254 DMS KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO<br>PROCEED IN FORMA PAUPERIS<br>[ECF No. 2];**<br><br>**2) GRANTING MOTION FOR<br>RELIEF FROM GO653A [ECF No. 3];**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO<br>EFFECT SERVICE OF COMPLAINT<br>AND SUMMONS UPON<br>DEFENDANTS PURSUANT TO 28<br>U.S.C. § 1915(d) & Fed. R. Civ. P.<br>4(c)(3)** |

23
24        Plaintiff Kejuan D. Reayes, a prisoner at Richard J. Donovan Correctional Facility
25   ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights action
26   pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff claims RJD Correctional
27   Officers used excessive force against him in violation of his Eighth Amendment right to
28   be free from cruel and unusual punishment. *See generally id.*

                                          1

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).  In addition, Plaintiff has filed a "Motion to be excused from complying with General Order No. 653."  (ECF No. 3.)

## I.      Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

A copy of Plaintiff's CDCR Inmate Statement Report, as well as a Prison Certificate completed by an accounting officer at RJD, has been submitted on Plaintiff's behalf. *See* ECF No. 4 at 1-3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has carried an average monthly balance of $6.20, and average monthly deposits of $4.96 to his account over the 6-month period immediately preceding the filing of his Complaint, but only $0.00 available balance on the books at the time of filing. *See* ECF No. 4 at 3.

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $.31 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of Plaintiff and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.   Motion for Relief from General Order 653A

On June 20, 2018, this Court entered General Order 653A which sets forth the agreement between the United States District Court for the Southern District of California and the CDCR to participate in a program "whereby initial pleadings submitted by prisoners in civil rights cases under 42 U.S.C. § 1983 are electronically filed." *See*

3

General Order No. 653A at 1.  The procedures for filing include, in part, that "Plaintiffs will provide their complaint and any other initial documents to CDCR" and the "CDCR staff will scan all initial documents" and "promptly e-mail the documents to the Clerk of Court for filing."  *Id.* at 2-3.

On February 6, 2023, this Court received Plaintiff's initial filings by mail in violation of General Order No. 653A.  Included with the Plaintiff's Complaint, he filed a "Motion to be excused from complying with General Order No. 653."  (ECF No. 3.)  In this Motion, Plaintiff declares that "inmates on C yard are not being scheduled for physical access to the law library unless they have Priority Library User "PLU" status which is for inmates who have court deadlines" due to a Covid-19 outbreak.  *See* Pl.'s Mot. at 1.

Thus, Plaintiff is not able to attend the law library and informs the Court that RJD Senior Law Librarian R. Blahnick has told him that an inmate cannot e-file a complaint unless he can be physically "present at the law library to witness any librarian signing documentation showing the case was e-filed."  *Id.* at 2.

However, Senior Law Librarian R. Blahnick's alleged statements to Plaintiff are not incompliance with the Memorandum of Understanding ("MOU") between the Court and the CDCR .  There is no requirement that an inmate be physically present when the complaint is being scanned and emailed.  In fact, the MOU between the Court and the CDCR addresses the situation in which an inmate is unable to be physically present when the initial filing documents are scanned.  Specifically, the MOU states that the "CDCR will implement a procedure for collection of documents from inmate plaintiffs. This procedure may include a drop box or dispatch form which contemplates limited access to administratively segregated (AD-SEG) inmates. The appropriate staff at the facilities shall keep a record in the form of a log of each complaint and associated documents scanned and emailed to the Court. The log shall indicate the identity of the staff member, and the date the documents were received, scanned, and e-mailed to the Court."

4

1   Accordingly, the Plaintiff need not be physically present at the time his documents

2   were scanned and in light of the alleged failure of the CDCR to follow the MOU in this

3   instance, the Court will GRANT Plaintiff's Motion to be excused from e-filing his initial

4   Complaint as generally required by General Order No. 653A.

5   **III.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

6   A.   <u>Standard of Review</u>

7   Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a

8   pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

9   statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of

10   it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

11   who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

12   (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

13   2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that

14   the targets of frivolous or malicious suits need not bear the expense of responding.'"

15   *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

16   "The standard for determining whether a plaintiff has failed to state a claim upon

17   which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

18   Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

19   F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

20   Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

21   applied in the context of failure to state a claim under Federal Rule of Civil Procedure

22   12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

23   as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

24   662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

25   Detailed factual allegations are not required, but "[t]hreadbare recitals of the

26   elements of a cause of action, supported by mere conclusory statements, do not suffice."

27   *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

28   relief [is] ... a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

      B.   <u>Factual Allegations</u>

      On August 15, 2022, Plaintiff was using the phone to speak with his family "in regard to one of [his] family members funeral." Compl. at 6. Correctional officers Lugo and Rodriguez approached Plaintiff and told him that he had been "on the phone to long and told [Plaintiff] to take it back to his cell and hang up." *Id.* Plaintiff informed them that he was talking to his family and refused to hang up. *See id.* Lugo and Rodriguez told Plaintiff to "cuff up" but he refused and instead he sat on the floor, folded his arms across his chest, and asked for a sergeant to be called to mediate the situation. *Id.*

      Lugo and Rodriguez refused to call a sergeant, activated an alarm but Plaintiff laid on his back. *Id.* Other officers responded to the alarm and said, "flip him on his stomach." *Id.* at 7. Plaintiff was on flipped to his stomach and his arms were still pinned under his chest. *See id.* Lugo and Rodriguez, along with the unnamed officers, began kneeing Plaintiff in the ribs or witnessed this occurring but did not stop it from happening. *See id.* Then an officer placed their knee on Plaintiff's neck "preventing him from being able to breathe in a normal manner" while all the other officers observed this happening. *Id.* at 9. In order that he would be able to breathe, Plaintiff released his arms and submitted to being placed in handcuffs. *See id.* at 12.

      Plaintiff alleges that Defendants would have known that he has a heart condition and "should have used the least restrictive force on [him] to gain [his] compliance on August 15, 2022 but instead chose to use excessive force." *Id.* at 13.

      Plaintiff seeks injunctive relief, $40,000 in compensatory damages, and $460,000 in punitive damages. *See id.* at 19.

/ / /

/ / /

1    C.    42 U.S.C. § 1983

2        "Section 1983 creates a private right of action against individuals who, acting

3    under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*

4    *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff

5    must show both (1) deprivation of a right secured by the Constitution and laws of the

6    United States, and (2) that the deprivation was committed by a person acting under color

7    of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

8        D.    Excessive Force Claims

9        The allegations in Plaintiff's Complaint are pleaded with enough factual

10   sufficiency to survive the "low threshold" set for sua sponte screening as required by 28

11   U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at

12   678; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of

13   pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment);

14   *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use

15   of excessive physical force, the issue is "whether force was applied in a good-faith effort

16   to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing

17   *Hudson*, 503 U.S. at 7)

18       Therefore, the Court will order the U.S. Marshal to effect service upon Defendants[2]

19

20   _____

21   [2] However, Plaintiff must identify the Doe Defendants, *see Farmer*, 511 U.S. at 833, 837, and substitute

22   their true names in an amended pleading before the United States Marshal will be able to execute service

upon them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be

23   identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P.

15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th

24   Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified

only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect

25   service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to

identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at

26   *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve

a summons and complaint on an anonymous defendant."). However, where the identity of an alleged

27   party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to

28   pursue appropriate discovery to identify the unknown Doe, unless it is clear that discovery would not

7

on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[3]

## III.   Conclusion and Order

For the reasons explained, the Court:

1.   **GRANTS** Plaintiff's Motion to be excused from General Order No. 653A (ECF No. 3).

2.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

3.   **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $.31 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.   **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants, and forward it to Plaintiff along with a blank U.S. Marshal Form

---

uncover their identity, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

[3] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

285. In addition, the Clerk will provide Plaintiff with certified copies of this Order, a certified copies of his Complaint, and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, include an address where Defendants may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return it to the U.S. Marshal according to the instructions the Clerk provides.

      5.    **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants upon receipt and as directed by Plaintiff on the completed USM Form 285, <u>and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court</u>. *See* S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

      6.    **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

      7.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

      Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of service upon Defendants, or their counsel,

may be disregarded.

**IT IS SO ORDERED**.

Dated:  March 16, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

cc:    Litigation Coordinator, Richard J. Donovan Correctional Facility, 480 Alta Road,
       San Diego, California 92179

       Warden, Richard J. Donovan Correctional Facility, 480 Alta Road, San Diego,
       California 92179

       Kori Salas, Esq., Reception Center and Court Liaison, CDCR Office of Legal
       Affairs, 1515 S Street, Sacramento, California 95811

3:23-cv-0254 DMS KSC