UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEJUAN REAVES,<br><br>       Plaintiff,<br><br>v.<br><br>MADDEN et al.,<br><br>       Defendants. | Case No.:  23-cv-254-DMS-KSC<br><br>**ORDER GRANTING MOTION TO COMPEL [Doc. No. 48]** |

  Plaintiff, a state prisoner proceeding pro se, filed this lawsuit alleging defendants violated his civil rights by using excessive force against him. *See generally* Doc. No. 1. Defendants obtained leave of court to take plaintiff's deposition. Doc. No. 33. Defendants now seek an Order compelling plaintiff to answer questions he refused to answer during his deposition, which defendants took on December 18, 2024. *See* Doc. No. 48. Plaintiff has not timely filed an Opposition.

  Any party may move the Court for an order compelling a witness to answer a question posed during a deposition. *See* Fed. R. Civ. P. 37(a)(3)(B)(i). The identities of witnesses are generally discoverable. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Using deposition testimony to identify potential witnesses is likewise generally proper in civil cases. *See generally V5 Techs v. Switch, Ltd.*, 334 F.R.D. 615, 618 (D. Nev. 2020) (collecting cases).

Here, plaintiff claimed during his deposition that he knew of many witnesses to the events giving rise to this lawsuit. *See* Doc. No. 51 at 4. He testified that he would call "at least ten" of them as witnesses during trial. *Id.* at 5. He further testified he could identify them by their names and nicknames, and he knew their locations. *See id.* at 6-8. This information is patently discoverable. During his deposition, plaintiff also suggested he wanted to secure attorney representation before producing discovery. *See id.* at 6. Being self-represented is not grounds for refusing to produce discovery.

Within ten days of this Order, plaintiff shall execute a declaration under penalty of perjury of the laws of the United States and serve it upon defendants by mailing it to defense counsel. The declaration shall identify each and every witness to the incident known to plaintiff—not only those witnesses from whom plaintiff may seek to elicit favorable testimony. Plaintiff shall also provide the names, nicknames, locations, and contact information for any such witnesses. Failure to adequately disclose this information may lead to the exclusion of these witnesses' testimony should plaintiff attempt to introduce it. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Because the Court's Scheduling Order cannot accommodate unreasonable delay of this matter, the litigation coordinator or other staff at the penal institution housing plaintiff is **directed** to assist the parties (to the greatest extent practicable) in expeditiously securing this discovery.

**IT IS SO ORDERED**.

Dated: March 4, 2025

Hon. Karen S. Crawford
United States Magistrate Judge